IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>RAYNARD BASS,<br><br>                Defendant. | **8:14CR258**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for initial review of ECF No. 35, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by the Defendant, Raynard Bass. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

After pleading guilty to the offense of a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), the Defendant received a sentence of 41 months, to be followed by three years of supervised release. The Defendant did not appeal the conviction or sentence.

In the § 2255 Motion, the Defendant asserts that the sentence should be vacated pursuant to the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. ___,

135 S. Ct. 2551 (2015), and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016).

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. §924(e)(1), (the "ACCA"), to be unconstitutionally vague, and therefore void. In *Welch*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review[.]" 136 S. Ct. at 1268.

In *Beckles v. United States*, 580 U.S. ___, No. 15-8544, 2017 WL 85578 (March 6, 2017), the Supreme Court held that the United States Sentencing Guidelines ("USSG"), including the residual clause of USSG § 4B1.2(a), which contained language identical to the residual clause in the ACCA,[1] are not subject to vagueness challenges under the Due Process Clause.

A review of the Defendant's Presentence Investigation Report ("PSR"), ECF No. 29, reveals that the Defendant's base offense level was set at 20 under USSG § 2K2.1(a) due to a prior crime of violence, *i.e.*, operating a motor vehicle to avoid arrest, which the Defendant contends fell within the scope of the residual clause of USSG § 4B1.2(a). The Defendant seeks to have his sentence vacated pursuant to *Johnson* and *Welch*.

In light of the Supreme Court's decision in *Beckles,* the Defendant's argument lacks merit and the § 2255 Motion will be summarily dismissed.

---

[1] Before its amendment on November 1, 2016, USSG § 4B1.2 defined the term "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another*." (Emphasis added to residual clause.) The identical language is contained in the ACCA at 18 U.S.C. § 924(e)(2)(B)(ii).

THEREFORE, IT IS ORDERED:

1.  That the Court completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion");

2.  For the reasons stated above, the § 2255 Motion will be summarily dismissed;

3.  A separate Judgment will be entered; and

4.  The Clerk will mail a copy of this Memorandum and Order to the Defendant at the Defendant's last known address.

Dated this 21st day of March, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge